# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK SILVERMAN,** | : | |
| **Plaintiff** | : | CIVIL NO. 1:CV-12-00959 |
| v. | : | (Judge Rambo) |
| **SGT. STEVENS, et al.,** | : | |
| **Defendants** | : | |

# **M E M O R A N D U M**

## I. **Background**

On May 22, 2012, Plaintiff Frank Silverman, an inmate formerly incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview") in Bellefonte, Pennsylvania, filed this *pro se* civil rights action pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 1.) In his complaint, Plaintiff claims that in May 2010, three prison officials from SCI-Camp Hill, his former place of confinement, used excessive force upon him, causing physical injuries, and that an unnamed medical staff member was subsequently indifferent to his serious medical needs. (*Id*.) Along with the complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) On June 14, 2012, the court granted Plaintiff's motion to proceed *in forma pauperis* and directed service of the complaint on the defendants named therein. (Doc. 8.)

On July 5, 2012, Plaintiff filed a motion to appoint counsel. (Doc. 9.) In that motion, Plaintiff stated, "Plaintiff is being transferred to another facility *in the near future* which has no law library whatsoever. The facility is the Atlantic County Justice Facility in New Jersey, 5060 Atlantic Ave., Mays Landing, NJ 08330." (*Id.*) (emphasis added). However, since the date of that filing, the court has not received any notice from Plaintiff indicating a change of address to the aforementioned Atlantic County Justice Facility or elsewhere. The court denied Plaintiff's motion to appoint counsel on July 9, 2012. (Doc. 10.)

On July 24, 2012, waivers of service were returned as to the named Defendants. (*See* Doc. 11.) On August 20, 2012, the named Defendants filed a motion for an extension of time to file an answer, (Doc. 12), which the court granted by order dated August 21, 2012, (Doc. 13). That order (Doc. 13), mailed to Plaintiff at SCI-Rockview on August 21, 2012, was returned to the court on September 4, 2012 as undeliverable and marked "Return to Sender - Unable to Forward." (*See* Doc. 14.)

On September 21, 2012, the named Defendants filed an answer to the complaint. (Doc. 15.) Defendants served Plaintiff with the answer that same day at his address at SCI-Rockview indicated on the docket. The answer was returned

as undeliverable.[1]  (*See* Doc. 16 ¶ 3.)  Further, on September 26, 2012, through a phone conversation with the Atlantic County Justice Facility, the court was informed that Plaintiff was released on September 1, 2012.   Finally, Defendants assert that Plaintiff has not communicated with Defendants' counsel to provide a new address by which to contact him.  (*Id.* ¶ 6.)

## II. Discussion

Following the initiation of this action, Plaintiff was provided with a copy of this court's Standing Practice Order which provides in relevant part:

> A *pro se* plaintiff has the affirmative obligation to keep the court informed of his or her current address.  If the plaintiff changes his or her address while this lawsuit is being litigated, the plaintiff shall immediately inform the court of the change, in writing.  If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 4 at 4.)

Plaintiff's failure to inform this court of a change of address constitutes a

---

[1] In a status report filed on October 1, 2012, Defendants indicate that their motion for an extension of time to file an answer (Doc. 12), sent to Plaintiff on August 20, 2012, was returned to counsel as undeliverable because Plaintiff was transferred to Centre County Prison.  (Doc. 16.)  Further, Defendants state: "After receiving the returned mail, a legal assistant for defendants' counsel contacted Centre County prison and learned that plaintiff Silverman had been received at that prison on July 8, 2012 and released on July 23, 2012 to the Atlantic County, New Jersey sheriff.  The same legal assistant subsequently contacted the Atlantic County prison and learned that plaintiff Silverman had been released from custody."  (*Id.* ¶ 5.)

failure to prosecute this action and, therefore, this action is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b), which states in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

Further, the Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in *Link v. Wabash R.R.*, where the plaintiff argued that F.R.C.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'

*Kenney v. California Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967) (quoting *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)). Further, in *Link*, the United States Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b) . . . .

*Link*, 379 U.S. at 629-30.

In the instant action, it is clear that Plaintiff has failed to comply with the court's Standing Practice Order. Plaintiff's failure to provide the court with his current address has clearly delayed and prevented the resolution of this matter. Under these circumstances, it would be a waste of judicial resources to allow this action to continue.

Since the inability of the court to communicate with Plaintiff is solely the result of his own actions and prevents the taking of any other sanctions, this court is satisfied that based on the present circumstances, dismissal for failure to prosecute is warranted. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). Consequently, pursuant to Federal Rule of Civil Procedure 41(b), Plaintiff's complaint will be dismissed for failure to prosecute.

An appropriate order follows.

                                                         s/Sylvia H. Rambo
                                                  United States District Judge

Dated: October 9, 2012.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK SILVERMAN,** | : | |
| | : | |
| **Plaintiff** | : | **CIVIL NO. 1:CV-12-00959** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **SGT. STEVENS, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Plaintiff's complaint is **DISMISSED** for failure to prosecute.

2) The Clerk of Court is directed to **CLOSE** this case.

3) Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated: October 9, 2012.